# CIRCUIT COURT OF THE CITY OF RICHMOND

Anne Shelton,
Executor

v.

Chippenham & Johnston Willis
Hospitals, Inc., et al.

v.

Jennifer Althizer

September 27, 2005

Case No. LS-1681-4

BY JUDGE RANDALL G. JOHNSON

After considering the arguments and the relevant cases relating to Virginia's dead man's statute, the court will grant plaintiff's motion *in limine* to exclude the testimony of Jennifer Althizer, L.P.N., that she checked the oxygen saturation of the decedent, Maynard H. Shelton, with a pulse oximeter after she received the order to administer the drug Dilaudid and that Shelton was awake and grimacing with pain when she administered the Dilaudid. The court will also grant plaintiff's motion to preclude defendants' expert witnesses from offering any testimony that relies on the excluded testimony of Nurse Althizer.

The dead man's statute, Va. Code § 8.01-397, prohibits certain evidence against a person or such person's representative if such person is unable to testify. Specifically, the statute provides, in pertinent part:

In an action by or against a person who, from any cause, is incapable of testifying, or by or against the committee, trustee, executor, administrator, heir, or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony.

In *Johnson v. Raviotta*, 264 Va. 27, 563 S.E.2d 727 (2002), the statute was held to preclude a defendant physician in a wrongful death medical malpractice action from testifying that he took a blood pressure reading from the decedent that showed the decedent's blood pressure to be normal, a normal reading being an important part of the physician's defense. The statute was also held to preclude a nurse, who was an employee of a defendant hospital, from testifying that she had monitored the decedent's vital signs and urine output during the relevant time period. Those holdings apply with equal force to the facts of the present case.

First, the court rejects defendants' argument that Nurse Althizer, who was brought in as a third-party defendant by Chippenham & Johnston-Willis Hospital (CJW), is not an interested party to this action. Although she and CJW have entered into a release and covenant not to sue that relieves her of any potential liability to CJW, she is still potentially liable in contribution to the other defendants in this action. She is an "interested" party within the meaning of the statute.

Second, the court finds as a matter of law that there is no corroboration of Althizer's testimony. Thus, while the sufficiency of corroborative evidence under the statute is usually a question for the jury, *Johnson*, 264 Va. at 33, it is not always so. Indeed, it was not so in *Johnson*, in which the trial court was reversed for submitting the question to the jury. Here, the only corroboration cited by defendants is the nurse's note authored by Althizer. That is not sufficient corroboration.

In citing the nurse's note, which indicates that Shelton was awake and in pain when the drug was administered, defendants rely on the business record exception to the hearsay rule. Defendants' reliance is misplaced. Indeed, the physician in *Johnson* testified that he always rechecked blood pressure at the end of a visit with a patient. The physician argued that, since habit testimony is admissible under Va. Code § 8.01-397.1, the trial court was correct in allowing his testimony.

Section 8.01-397.1(A) provides, in part:

> *Admissibility.* Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eye witnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

In reversing the trial court and holding that there was no corroboration as a matter of law, the Supreme Court held that § 8.01-397.1 does not allow a person subject to the dead man's statute to corroborate his or her testimony with his or her own habit testimony. In other words, "[c]orroboration for purposes of the dead man's statute cannot come 'from the mouth of the witness sought to be corroborated'." 264 Va. 36 (*citing Varner's Ex'rs v. White*, 149 Va. 177, 185, 140 S.E. 128 (1927)). *See also, Ratliff v. Jewell*, 153 Va. 315, 326, 149 S.E. 409 (1929). The same is true here.

Not only was the nurse's note prepared by Althizer, it was also not prepared in the "ordinary course of business." The undisputed evidence as shown in depositions and other discovery, as well as counsel's representations at oral argument, is that the subject note was not prepared by Althizer when she made her normal entry shortly after administering the medication. In fact, the contemporaneous written notes allegedly prepared by Althizer were discarded by her. The challenged note was not prepared until more than three hours after Shelton had begun experiencing cardio-respiratory arrest. Althizer was aware of the arrest when she wrote the note. In light of the recognition by all of the parties to this action that the subject medication should not be given to a patient who is not awake or in pain, Althizer's note that Shelton was awake and in pain made three hours *after* Shelton's alleged adverse reaction to that medication, and *after* Althizer's knowledge of that alleged adverse reaction, has none of the trustworthiness underpinning the business record exception to the hearsay rule. It is not admissible and cannot corroborate Althizer's testimony.

Lastly, the court holds that defendants' experts cannot render any opinions based on the matters excluded above. Since Nurse Althizer's testimony cannot be the basis of a judgment against the plaintiff, her testimony cannot be the basis of an expert opinion that might lead to such judgment. *See Diehl v. Butts*, 255 Va. 482, 490, 499 S.E.2d 833 (1998) (conversations between physician and patient can be relied on by experts only to the extent testimony of such conversations is not precluded by the dead man's statute).